**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| REBECCA STIVERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:18-CV-120-HAB-JPK |
| | ) | |
| ANDREW SAUL, | ) | |
| Commissioner of the Social | ) | |
| Security Administration[1], | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter comes before the Court on Plaintiff Rebecca Stiverson's ("Stiverson") appeal

of the Social Security Administration's Decision dated March 30, 2017 (the "Decision"). Stiverson

filed her Complaint to Review Decision of Commissioner of Social Security Administration (ECF

No. 1) on May 5, 2018. Stiverson filed her Brief in Support of Plaintiff's Complaint to Review

Decision of Commissioner of Social Security Administration (ECF No. 14) on October 24, 2018.

Defendant Andrew Saul, Commissioner of the Social Security Administration (the

"Commissioner"), filed his Memorandum in Support of Commissioner's Decision (ECF No. 18)

on December 31, 2018. This matter is now ripe for determination.

## ANALYSIS

### 1.    *Standard of Review*

A claimant who is found to be "not disabled" may challenge the Commissioner's final

decision in federal court. This Court must affirm the ALJ's decision if it is supported by substantial

---

[1] Andrew Saul is now the commissioner of Social Security and is automatically substituted as a party
pursuant to Fed. R. Civ. P. 25(d). See also Section 205(g) of the Social Security Act, 42 USC § 405(g)
(action survives regardless of any change in the person occupying the office of Commissioner of Social
Security).

evidence and free from legal error. 42 U.S.C. § 405(g); *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002). Substantial evidence is "more than a mere scintilla of proof." *Kepple v. Massanari*, 268 F.3d 513, 516 (7th Cir. 2001). It means "evidence a reasonable person would accept as adequate to support the decision." *Murphy v. Astrue*, 496 F.3d 630, 633 (7th Cir. 2007); *see also Diaz v. Chater*, 55 F.3d 300, 305 (7th Cir. 1995) (substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.") (citation and quotations omitted).

In determining whether there is substantial evidence, the Court reviews the entire record. *Kepple*, 268 F.3d at 516. However, review is deferential. *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). A reviewing court will not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [its] own judgment for that of the Commissioner." *Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003) (quoting *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000)).

Nonetheless, if, after a "critical review of the evidence," the ALJ's decision "lacks evidentiary support or an adequate discussion of the issues," this Court will not affirm it. *Lopez*, 336 F.3d at 539 (citations omitted). While the ALJ need not discuss every piece of evidence in the record, she "must build an accurate and logical bridge from the evidence to [the] conclusion." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). Further, the ALJ "may not select and discuss only that evidence that favors his ultimate conclusion," *Diaz*, 55 F.3d at 308, but "must confront the evidence that does not support his conclusion and explain why it was rejected," *Indoranto v. Barnhart*, 374 F.3d 470, 474 (7th Cir. 2004). Ultimately, the ALJ must "sufficiently articulate [her] assessment of the evidence to assure" the court that she "considered the important evidence" and to enable the court "to trace the path of her reasoning." *Carlson v. Shalala*, 999 F.2d 180, 181 (7th Cir. 1993) (quoting *Stephens v. Heckler*, 766 F.2d 284, 287 (7th Cir. 1985) (internal quotation marks omitted)).

**2.**     *The ALJ's Decision*

A person suffering from a disability that renders her unable to work may apply to the Social Security Administration for disability benefits. *See* 42 U.S.C. § 423(d)(1)(A) (defining disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months"). To be found disabled, a claimant must demonstrate that her physical or mental limitations prevent her from doing not only her previous work, but also any other kind of gainful employment that exists in the national economy, considering her age, education, and work experience. § 423(d)(2)(A).

If a claimant's application is denied initially and on reconsideration, she may request a hearing before an ALJ. *See* 42 U.S.C. § 405(b)(1). An ALJ conducts a five-step inquiry in deciding whether to grant or deny benefits: (1) whether the claimant is currently employed, (2) whether the claimant has a severe impairment, (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling, (4) if the claimant does not have a conclusively disabling impairment, whether he has the residual functional capacity to perform his past relevant work, and (5) whether the claimant is capable of performing any work in the national economy. *See* 20 C.F.R. § 404.1520(a); *Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001).

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since December 14, 2013. At step two, the ALJ determined that Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine, fibromyalgia, and asthma. The ALJ further found that Plaintiff had the following non-severe impairments: hyperlipidemia, depression, and anxiety.

At step three, the ALJ found that Plaintiff did not have "an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525 and 404.1526)." (R. 20). At step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to:

> Perform light work as defined in 20 CFR 404.1567(b) except that the claimant can occasionally climb ramps, stairs, ladders, ropes, scaffolds, she can occasionally balance, stoop, kneel, crouch and crawl, and she should avoid concentrated exposure to fumes, odors, dusts, gases and other similar respiratory irritants.

(R. 20-21.) At step five, the ALJ determined that Plaintiff could perform her past relevant work as a cashier, service coordinator, and management trainee and, therefore, was not disabled.

### 3. *Consultative Examiner, H.M. Bacchus, Jr., M.D.*

Plaintiff claims that the ALJ improperly discounted the opinion of the consultative examiner, Dr. Bacchus. Specifically, Plaintiff argues that the ALJ improperly discounted Dr. Bacchus's finding that she required the opportunity to alternate between sitting, standing, and walking. Plaintiff further asserts that the ALJ should have asked the vocational expert ("VE") a hypothetical that included a sit/stand option, and that the ALJ impermissibly cherry picked one portion of the opinion and ignored the sit/stand option recommended by Dr. Bacchus.

The ALJ gave Dr. Bacchus's opinion partial weight, but she found that "the medical evidence of record does not demonstrate that the claimant is so limited regarding her ability to sit, stand, and walk that she requires alternating positions." (R. 24). The ALJ cited to physical examinations that have "mostly been unremarkable with some reflex abnormalities, spinal and sacrum tenderness, and limited range of motion at times." (R. 24.) The ALJ also noted that, although Plaintiff had a slightly antalgic gait during the consultative examination, the medical record overall

showed that her gait was otherwise stable and non-antalgic with independent transitions from sitting to standing. (*Id.*)

The Court finds that the ALJ properly supported her decision to afford Dr. Bacchus's opinion partial weight. The ALJ noted that Plaintiff was cleared to return to work without restrictions in April 2014, and that imaging of her lumbar spine showed no considerable structural defect that would contribute towards her allegations of pain. (R. 22). Moreover, imaging from May 2015 showed improvement in her lumbar spine. (*Id.*) The ALJ further noted that although Plaintiff continued to report pain, the clinical reports showed no considerable functional deficits. She regularly presented with normal gait without the use of an assistive device. (R. 22.) Other records showed full motor strength, with the consultative examination being the only record reporting less than full motor strength (4/5 in the left lower extremity). She also maintained intact motor and sensory functions. (*Id.*) The ALJ ultimately concluded that these records did not support Plaintiff's allegations of limited standing and walking abilities.

Plaintiff's pain specialist noted in April 2015 that there were no considerable structural defects that would support Plaintiff's allegations of pain. (R. 23). The ALJ discussed Plaintiff's improvement with medication and physical therapy, and she noted Plaintiff's ability to complete activities of daily living and to watch her grandkids. (R. 24). The ALJ found that this medical evidence contradicted Dr. Bacchus's opinion that Plaintiff required limitations regarding alternating positions. (*Id.*) The ALJ further noted that no treating physician indicated the need for a sit/stand option. (*Id.*)

Plaintiff asserts that the ALJ cherry picked portions of the opinion in giving it partial weight. Plaintiff seems to believe that when the ALJ accepted the limitations to light work with hazard restrictions but dismissed the requirements for a sit/stand option, she engaged in impermissible

cherry picking. However, the ALJ is not required to accept every portion of a medical opinion. In making the RFC determination, the ALJ is responsible for examining and weighing the totality of the evidence and then determining the appropriate RFC from the entire record. 20 C.F.R. § 404.1527(e)(1); *Clifford v. Apfel*, 227 F.3d 863, 872–73 (7th Cir 2000); *see also Schmidt v. Astrue*, 496 F.3d 833, 845 (7th Cir. 2007) (noting that while an ALJ "must consider the entire record," she "is not required to rely entirely on a particular physician's opinion") (citing *Diaz*, 55 F.3d at 306 n.2).

Here, the ALJ determined that some of Dr. Bacchus's opinion was consistent with the medical record, but that the record did not support the need for a sit/stand option. The ALJ confronted the evidence that did not support her conclusion and explained why it was rejected. Plaintiff does not point to entire lines of evidence that the ALJ ignored, as much as she cites disagreement with the extent of the limitations that the ALJ believed were supported by the evidence. The court will not reweigh the evidence; the ALJ's reasons are supported by substantial evidence, and Plaintiff has pointed to no case law or medical evidence to contradict the ALJ's decision.

Plaintiff further argues that Dr. Bacchus's opinion was entitled to great weight, as the need for postural position changes is consistent with Plaintiff's complaints of back pain and pain management needs. The ALJ explained in the Decision that Plaintiff's pain management was conservative, and although Plaintiff suffered from back pain, her physical examinations were relatively normal. Plaintiff's pain specialist advised, on more than one occasion, that there was no considerable structural defect that would contribute towards Plaintiff's continued symptoms. The ALJ, however, remained "mindful of the ongoing back pain reflected in the record," and accounted for it in the RFC. (R. 24.) The ALJ's decision was supported by substantial evidence, and the Court

will not reweigh the impact of Plaintiff's back pain and pain management simply because Plaintiff does not agree with the ALJ's decision.

Plaintiff further speculates that position changes would "allow the Plaintiff to increase strength gradually and perhaps assist her in making the transition away from opioid painkillers." (ECF 14 at 13.) No doctor opined that a sit/stand option would help Plaintiff's strength or allow her to wean off pain medication. What is more, whether unlimited postural changes would help Plaintiff in the manner asserted is not relevant to whether a sit/stand option was the most she could do with respect to her posture despite the limitations from her impairments.

Plaintiff's argument regarding the ALJ's hypothetical to the VE also fails. Although the Plaintiff is correct in stating that the hypothetical posed to the VE must incorporate all a claimant's limitations supported by the medical record, the ALJ properly supported her decision that Plaintiff did not require a sit/stand option. Therefore, the ALJ's hypothetical to the VE was proper.

## CONCLUSION

For the foregoing reasons, the Commissioner's Decision is AFFIRMED.

SO ORDERED on November 21, 2019.

 s/ *Holly A. Brady*
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT